IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Nancy Tinoco Ruiz, *et al.*,

        Plaintiffs,

    v.

Antony Blinken, *et al.*,

        Defendants.

Case No. 23 C 681

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff-spouses Nancy Tinoco Ruiz and Sergio Espinosa Lopez have sued various government official Defendants for the denial of Mr. Espinosa Lopez's immigrant visa application, and Defendants have moved to dismiss Plaintiffs' amended complaint. For the reasons below, the Court grants Defendants' motion and dismisses Plaintiffs' amended complaint based on the doctrine of consular nonreviewability.

### Background[1]

Mr. Espinosa Lopez entered the United States without inspection in March 1999 and married Ms. Tinoco Ruiz, who is a U.S. citizen, in May 2002. (Pls.' Am. Compl. ("FAC") ¶ 3.) Mr. Espinosa Lopez is the beneficiary of an approved I-130 Petition for Alien Relative filed by Ms. Tinoco Ruiz. (*Id.* ¶ 4.) In 2019, Mr. Espinosa Lopez filed an I-601A Application for Provisional Unlawful Presence Waiver, which was approved by the U.S. Citizenship and Immigration Services ("USCIS") in June 2020. (*Id.* ¶ 5.) Due to his prior entry into the United

---

[1] The following factual background is taken from the allegations in Plaintiffs' amended complaint (ECF No. 9), which are taken as true and construed in Plaintiffs' favor for purposes of Defendants' motion to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

States without inspection, Mr. Espinosa Lopez needed to leave the country and seek lawful permanent residency via the approved I-130 Petition at a U.S. consulate. (*Id.* ¶ 6.) To do so, Mr. Espinosa Lopez submitted a DS-260 Immigrant Visa Application. (*Id.* ¶ 8.)

In June 2022, Mr. Espinosa Lopez was interviewed at the U.S. Consulate in Ciudad Juarez, Mexico in connection with his DS-260 Application. (*Id.* ¶ 9.) After the interview, his application was refused and placed in administrative processing, and he was instructed to submit additional materials. (*Id.* ¶¶ 9–10.)

On February 3, 2023, Plaintiffs sued in this Court, seeking a writ of mandamus compelling Defendants to resolve Mr. Espinosa Lopez's DS-260 Immigrant Visa Application and alleging an unreasonable delay under the Administrative Procedure Act ("APA"). (*Id.* ¶ 11.) On March 15, 2023, the U.S. Consulate in Ciudad Juarez requested that Mr. Espinosa Lopez complete a new medical examination as his previous medical exam had expired. (*Id.* ¶ 12.)

On March 21, 2023, Mr. Espinosa Lopez went to a designated panel physician at *Servicios Medios de la Frontera* in Ciudad Juarez to undergo his medical evaluation. (*Id.* ¶ 13.) During the exam, the panel physician sent Mr. Espinosa Lopez to an in-office mental health evaluator, who asked Mr. Espinosa Lopez about various matters including his alcohol use. (*Id.*) Mr. Espinosa Lopez responded that he drank one or two beers at social functions and never had driven while intoxicated. (*Id.*) Mr. Espinosa Lopez also has never been arrested, accused, or confronted by law enforcement and alleges that he has never had an alcohol-related incident. (*Id.* ¶ 14.) At the end of the medical exam, Mr. Espinosa Lopez was provided with a notice stating

that he should abstain from consuming alcohol for nine months and attend Alcoholics Anonymous during that time.[2] (*Id.* ¶ 15.)

On March 22, 2023, Mr. Espinosa Lopez was found inadmissible to the United States under 8 U.S.C. § 1182(a)(1)(A)(iii) based on his medical exam results from *Servicios Medicos de la Frontera*. (*Id.* ¶ 16.) Section 1182(a)(1)(A)(iii) states an alien like Mr. Espinosa Lopez is inadmissible if they are "determined . . . (I) to have a physical or mental disorder and behavior associated with the disorder that may pose, or has posed, a threat to the property, safety, or welfare of the alien or others, or (II) to have had a physical or mental disorder and a history of behavior associated with the disorder, which behavior has posed a threat to the property, safety, or welfare of the alien or others and which behavior is likely to recur or to lead to other harmful behavior . . . ." 8 U.S.C. § 1182(a)(1)(A)(iii). The inadmissibility finding for Mr. Espinosa Lopez automatically revoked his previously approved I-601A Waiver and requires him to submit another I-601A Waiver, which is estimated to take over two years to adjudicate. (FAC ¶ 17.)

After the inadmissibility finding, Plaintiffs amended their complaint to challenge that finding. (*See generally* FAC.) In their amended complaint, they allege four counts against various Defendants: (1) a due process violation by refusing Mr. Espinosa Lopez an immigrant visa without a facially legitimate or bona fide basis; (2) a due process violation by refusing Mr. Espinosa Lopez an immigrant visa in bad faith; (3) acting in violation of the APA in finding that Mr. Espinosa Lopez met the Diagnostic and Statistical Manual of Mental Disorders ("DSM") criteria for alcohol use disorder; and (4) retaliation under the First Amendment by refusing Mr. Espinosa an immigrant visa because he filed a mandamus action.

---

[2] Mr. Espinosa Lopez was not found to be an alcoholic at his first, expired medical exam, which had been done by a different panel physician. Mr. Espinosa Lopez chose the medical provider for each of his medical evaluations from a list of approved providers.

Defendants have moved to dismiss, primarily arguing that the denial of Mr. Espinosa Lopez's application for an immigrant visa based on inadmissibility is protected by the doctrine of consular nonreviewability. Plaintiffs largely oppose Defendants' motion, but have withdrawn their Count Four retaliation claim.

## Discussion

"'Consular nonreviewability' is the general rule that decisions to issue or withhold a visa are not reviewable in court unless Congress says otherwise." *Matushkina v. Nielsen*, 877 F.3d 289, 294 (7th Cir. 2017) (internal quotation marks and citation omitted). The doctrine generally "bars judicial review of visa decisions made by consular officials abroad" but "is not absolute." *Id.* A limited exception arises if "the visa denial implicates a constitutional right of an American citizen," and the reason given for the visa denial is not "facially legitimate and bona fide." *Yafai v. Pompeo*, 912 F.3d 1018, 1021 (7th Cir. 2019). "For a consular officer's decision to be facially legitimate and bona fide, the consular officer must identify (1) a valid statute of inadmissibility and (2) the necessary discrete factual predicates under the statute." *Id.* If the statute itself specifies discrete factual predicates, the citation of the statute itself suffices. *Id.* Then, "if the undisputed record includes facts that would support that ground, [the court's] task is over" and consular nonreviewability precludes review. *Matushkina*, 877 F.3d at 294. But even with a facially legitimate and bona fide visa denial, courts may review a visa decision made in bad faith, though this requires an "affirmative showing that the officer denied [the] visa in bad faith." *Yafai*, 912 F.3d at 1022 (internal quotation marks and citation omitted).

Defendants argue that consular nonreviewability applies to each of Plaintiffs' claims because the denial of Mr. Espinosa Lopez's visa application was facially legitimate and bona fide based on the panel physician's examination and report regarding his alcohol use. Plaintiffs

4

counter that the denial was not facially legitimate or bona fide given his negligible alcohol use, which falls far below the DSM guidelines for alcohol use disorder. They also argue that the denial was made in bad faith, particularly because the panel physician should be considered an agent of Defendants and exhibited bad faith in assessing Mr. Espinosa Lopez's alcohol use.

The Court agrees with Defendants that consular nonreviewability precludes Plaintiffs' claims.

The Court's ability to review consular officials' visa decisions is limited and is "premised on the *non*-reviewability of those decisions" rather than plenary reviewability. *Hazama v. Tillerson*, 851 F.3d 706, 709 (7th Cir. 2017) (emphasis in original). "All we can do is to look at the face of the decision, see if the officer cited a proper ground under the statute, and ensure that no other applicable constitutional limitations are violated. Once that is done, if the undisputed record includes facts that would support that ground, our task is over." *Id.*

Here, the alleged determination as to Mr. Espinosa Lopez's visa application met these requirements. The denial referenced Mr. Espinosa Lopez's specific inadmissibility ground, 8 U.S.C. § 1182(a)(1)(A)(iii), based on the panel physician's assessment regarding his alcohol use. Though Plaintiffs may believe that Mr. Espinosa Lopez was mis-assessed by the panel physician based on the information he shared, that dispute would be directed at the physician, not the consular official—indeed, "[a] finding of a panel physician . . . shall be binding on the consular officer." 22 C.F.R. § 40.11(a). A visa denial does not require more than this. *See Yafai*, 912 F.3d at 1021 n.3 (rejecting an additional requirement that the government "actually took into consideration the evidence presented by the applicant and point to some factual support for the consular officer's decision to discount that evidence"). Plaintiffs' claims that Mr. Espinosa Lopez's visa denial did not align with the Foreign Affairs Manual would impose a higher burden

5

than is required. *See Al Khader v. Pompeo*, No. 18-cv-1355, 2020 WL 550606, at *7 (N.D. Ill. Feb. 4, 2020) ("Even if USCIS did not comply with the FAM, that alone is insufficient to overcome the doctrine of consular non-reviewability."). And Plaintiffs do not suggest that Mr. Espinosa Lopez's visa was denied for a "constitutionally troublesome reason such as religious discrimination." *Hazama*, 851 F.3d at 709. Given the panel physician's binding medical assessment regarding Mr. Espinosa Lopez's alcohol use, there was a factual predicate and record supporting a denial of his visa application, notwithstanding that Plaintiffs believe the underlying assessment was wrong. This is enough to apply consular nonreviewability for the denial of Mr. Espinosa Lopez's visa application, and the Court "cannot look behind the exercise of that discretion." *Yafai*, 912 F.3d at 1021 (internal quotation marks and citation omitted).

Plaintiffs attempt to overcome dismissal by claiming that the denial of Mr. Espinosa Lopez's visa and the underlying medical assessment were made in bad faith, and that Defendants are liable for the panel physician's bad faith because the physician was acting as their agent. Setting aside the agency issue, Plaintiffs have not made an affirmative showing of bad faith by anyone. They argue that Mr. Espinosa Lopez's alcohol use falls far below the level required by the DSM and the physician was so wrong that it indicates bad faith, particularly in light of other complaints of misdiagnosed alcohol use disorders in Ciudad Juarez. But Plaintiffs' disagreement with the physician's assessment is not enough to affirmatively show bad faith. *See Yafai*, 912 F.3d at 1022 ("Making an 'affirmative showing of bad faith' requires a plaintiff to point to something more than an unfavorable decision."). Mr. Espinosa Lopez himself chose to be medically evaluated at *Servicios Medicos de la Frontera* and does not point to anything except the evaluating physician's ultimate conclusions, and officials' reliance on it, as evidence of bad faith. Plaintiffs likewise do not allege any bad faith by consular officials in denying Mr. Espinosa

6

Lopez's visa application. Plaintiffs thus have not made an affirmative showing of bad faith. *See id.* ("The fact that the officer did not believe Ahmed and Yafai's evidence does not mean that the officer was dishonest or had an illicit motive.").

Accordingly, consular nonreviewability applies and Plaintiffs have failed to state a claim on either constitutional or statutory grounds. *See Matushkina*, 877 F.3d at 294 n.2 ("We treat the doctrine of consular nonreviewability as a matter of a case's merits rather than the federal courts' subject matter jurisdiction."); *Morfin v. Tillerson*, 851 F.3d 710, 714 (7th Cir. 2017) (directing dismissal for failure to state a claim under the APA where consular nonreviewability applied). The Court therefore grants Defendants' motion to dismiss.

## Conclusion

The Court grants Defendants' Motion to Dismiss (ECF No. 15) and dismisses Plaintiffs' amended complaint for failure to state a claim. Civil case terminated.

**SO ORDERED.**　　　　　　　　　　　　　　　　　**ENTERED: January 24, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**